IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DARRELL CAMPBELL, # 214273,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-710-WKW-CWB |
| | ) |
| **JOE M. REED, et al.,** | ) |
| | ) |
| Defendants. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.     Introduction**

Darrell Campbell, an inmate incarcerated at Elmore Correctional Center, filed this action pursuant to 42 U.S.C. § 1983. (Doc. 1). In his complaint, Campbell alleges that Joe M. Reed and Joe M. Reed and Associates, L.C.C. violated his constitutional rights by their "failure … to send lab test results" as requested, which "delayed [Campbell's] legal process for over three (3) years." (*Id*. at p. 3). Campbell seeks money damages, as well as injunctive and declaratory relief. (*Id*. at p. 4). Having conducted a thorough review of Campbell's complaint, the undersigned Magistrate Judge concludes that this action is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] Campbell also attempted to name as defendants "two (2) Alabama Bar General Counsel Attorney(s), Investigators in their own capacity." (Doc. 1 at p. 2). However, such a designation does not adequately describe the persons to be sued so that they can be identified for service. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) ("[T]he description in Richardson's complaint was insufficient to identify the defendant among the many guards employed at CCI, and the district court properly dismissed this claim."); *see also Dean v. Barber*, 951 F.2d 1210, 1215 n.6 (11th Cir. 1992); *New v. Sports and Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997). Furthermore, even if Campbell had provided proper identifying information such that specific persons could be identified and served, dismissal would still be appropriate for the reasons discussed herein.

1

**II.      Discussion**

     **A.  State actor**

An essential element of a claim brought pursuant to 42 U.S.C. § 1983 is that the alleged constitutional deprivation have been committed by a person acting under color of state law:

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law … . [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)) … . [Consequently,] state action requires **both** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," **and** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

*American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (footnote omitted) (emphasis in original); *see also Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

It is clear from the complaint that Joe M. Reed and his associates are private individuals who did not act under color of state law when representing Campbell during the criminal process. Because the actions about which Campbell complains were not committed by a person acting under color of state law, his § 1983 claims are frivolous and subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).[2]

---

[2] A claim is frivolous when it "has little or no chance of success"—that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citation omitted).

2

### B.  *Heck*

Even if a state actor were involved, Campbell still would not be entitled to relief on any claim that goes to the fundamental legality of his criminal conviction and resulting sentence. *See Heck v. Humphrey,* 512 U.S. 477 (1994).  In *Heck*, the United States Supreme Court held that claims challenging the legality of a prisoner's conviction or sentence are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and that complaints containing such claims must be dismissed. *Heck*, 512 U.S. at 489.  The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Id*. at 487.  The rule of *Heck* is not limited to requests for damages but is equally applicable to inmates' requests for declaratory judgment or injunctive relief.  *See Edwards v. Balisok,* 520 U.S. 641, 646 (1997) (holding that inmate's claims for declaratory judgment, injunctive relief, or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983").  Moreover, "[i]t is irrelevant that [the inmate] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Balisok*, 520 U.S. at 646-48).

The law is settled that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (holding that the "sole remedy in federal court" for a prisoner challenging the constitutionality of incarceration on a sentence of a state court is a petition for writ of habeas corpus); *Okoro*, 324 F.3d at 490 (holding that *Heck* directs that a state inmate "making a

3

collateral attack on the conviction … may not do that in a civil suit, other than a suit under the habeas corpus statute."). Stated differently, an inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (holding that under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge"); *Cook v. Baker,* 139 F. App'x 167, 169 (11th Cir. 2005) (stating that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254"). The United States Supreme Court has emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649; *see also Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) (noting that "the Supreme Court [previously] reviewed its prior holdings in this area and summarized that a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration") (citing in *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005) (internal quotation marks omitted)).

Under the circumstances of this case, *Heck* and its progeny bar Campbell's use of any action other than a petition for habeas corpus under 28 U.S.C. § 2254 to collaterally attack the validity of his conviction and sentence. *Heck*, 512 U.S. at 489. Hence, his claim is subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

4

### III. Conclusion

For the reasons set forth herein, the Magistrate Judge **RECOMMENDS** that this case be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).[3]

It is hereby **ORDERED** that any objections to this Recommendation must be filed by **May 9, 2023**. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this 25th day of April 2023.

_____
CHAD W. BRYAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Because Campbell was granted leave to proceed *in forma pauperis* (Doc. 3), the action is subject to threshold screening under 28 U.S.C. § 1915(e)(2)(B), which requires the court to enter a dismissal if it determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).